UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEANNA RAE PORTER-HEFT,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | Case No. 20-cv-01570-VKD<br><br>**ORDER FOR REASSIGMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE DISMISSAL**<br><br>Re: Dkt. No. 3 |

Presently before the Court is plaintiff Deanna Rae Porter-Heft's application to proceed *in forma pauperis* ("IFP"). A court may authorize the commencement of a civil action IFP if the court is satisfied that the would-be litigant cannot pay the filing fees necessary to pursue the action. 28 U.S.C § 1915(a)(1). Ms. Porter-Heft's application indicates that her assets and income are insufficient to enable her to pay the filing fee. Dkt. No. 3. Accordingly, her application is granted.

However, the Court's grant of the IFP application does not mean that Ms. Porter-Heft may proceed with this action here. A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In her complaint, Ms. Porter-Heft seeks $100 million in damages for alleged civil rights violations by unknown and unnamed officers of the Santa Clara County Sheriff's Department. To the extent Ms. Porter-Heft seeks to assert civil rights violations under 42 U.S.C. § 1983, she must allege two essential elements: (1) that a right secured by the Constitution or laws of the United

States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another of a 'constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978)).

Ms. Porter-Heft's complaint does not allege sufficient facts demonstrating that she has a viable claim for relief. In essence, she alleges that she has been subject to retaliation and harassment by law enforcement. Her complaint, however, simply alleges that while driving on "October 23," she "was lit up" by an "officer from the Santa Clara County Sheriff's Dept. where [she] stopped and complied." Dkt. No. 1 at 4. In a declaration submitted with her complaint, Ms. Porter-Heft alludes to other alleged law enforcement "pursuit chase[s]" in which spike strips were used, including one such incident in which she "refused to stop." Dkt. No. 2 at 2. She mentions "[t]hree DUI's without any evidence" resulting in the revocation of her driver's license after she "question[ed] the Judge"; "hundreds o[f] 911 calls about [her]" reportedly not connected to any criminal acts; and "[n]umerous beatings and robberies at the hands of all law enforcement agencies." *Id*. at 2-3. She seems to suggest that these alleged incidents stem from abuse her son reportedly suffered in Juvenile Hall over twenty years ago or to "2005 FBI/DOJ firings." Dkt. No. 1 at 5; Dkt. No. 2 at 5.

These vague and disparate allegations are deficient and do not establish a legally coherent theory of liability establishing the violation of a constitutional right, or that the defendants are liable for the injuries Ms. Porter-Heft claims to have suffered. Accordingly, this Court concludes that the complaint should be dismissed. Absent consent, however, a magistrate judge has no authority to issue a dispositive order. 28 U.S.C. § 636; *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Therefore, this case shall be reassigned to a District Judge with the recommendation that the complaint be dismissed with leave to amend.

Ms. Porter-Heft may file an objection to this Report and Recommendation. Fed. R. Civ. P. 72. In view of the current COVID-19 public health emergency, this Court extends the deadline for

submitting objections to **May 4, 2020**.

**IT IS SO ORDERED.**

Dated:  April 2, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge